IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE DOW CHEMICAL COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-07098-MMC<br><br>**ORDER GRANTING DEFENDANT KELLY SERVICES GLOBAL, LLC'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Re: Dkt. No. 19 |

Before the Court is defendant Kelly Services Global, LLC's ("Kelly")[1] "Motion to Compel Arbitration and Stay Proceedings," filed December 20, 2018, pursuant to the Federal Arbitration Act ("FAA"). Plaintiff Samuel Brown ("Brown") has filed opposition,[2] to which Kelly has replied. Having read and considered the papers filed in support of and in response to the motion, the Court hereby rules as follows.[3]

In his complaint, Brown alleges that Kelly and Dow were his employers (see Compl. ¶ 8), and that, after he made "complaints about health, safety and wages," defendants violated California law by engaging in acts of "retaliation," including "fail[ing] to pay proper wages" and "termination" of his employment (see Compl. ¶ 9). In addition, Brown alleges that Kelly violated California law by requiring him to "sign an agreement that mandated Michigan law to apply" even though he "resid[ed] and work[ed] primarily in

---

[1] By order filed concurrently herewith, the Court has approved the parties' stipulation to substitute said defendant for Kelly Services, Inc., the entity named in the Complaint.

[2] The other named defendant, The Dow Chemical Company ("Dow"), has filed a response in which it states it does not oppose the motion and notes the motion does not seek to compel arbitration of Brown's claims against Dow.

[3] By order filed January 28, 2019, the Court took the matter under submission.

California." (See Compl. ¶ 10.) By the instant motion, Kelly seeks an order compelling Brown to arbitrate his claims against Kelly and to stay those claims pending completion of arbitration proceedings.

The FAA provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

See 9 U.S.C. § 3.

The court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." See Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." Id.

In the instant case, there is no dispute that Brown and Kelly entered into an arbitration agreement (see Stewart Decl. Ex. B) and that Brown's claims against Kelly fall within the scope of the agreement (see id. Ex. B ¶ 2) (defining "Covered Claims" as "all common-law and statutory claims relating to [the employee's] employment")). The parties disagree, however, as to whether the agreement or any term therein is unconscionable, and, consequently, whether the agreement is valid.

Under the FAA, an arbitration agreement is unenforceable where it is invalid under "generally applicable contract defenses" recognized by state law, such as "unconscionability." See AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (hereinafter, "Concepcion"). "Under California law, courts may refuse to enforce any contract found to have been unconscionable at the time it was made, or may limit the application of any unconscionable clause." Id. at 340 (internal quotation and citation omitted). "A finding of unconscionability requires a procedural and a substantive

element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." Id. (internal quotation and citation omitted).

The first of these two elements, "procedural unconscionability," is present where "a party has no meaningful opportunity to negotiate terms or the contract is presented on a take it or leave it basis." See Wherry v. Award, Inc., 192 Cal. App. 4th 1242, 1246 (2011). Here, Kelly acknowledges it has a "policy" that "require[s] every new applicant for employment . . . to sign an arbitration agreement regarding all employment-related claims." (See Stewart Decl. ¶¶ 2-3.) Given Kelly's requirement that Brown sign the agreement in order to obtain employment with Kelly, the Court finds the "procedural element of an unconscionable contract" is established. See Little v. Auto Stiegler, Inc., 29 Cal. 4th 1064, 1071 (2003) (holding "procedural element" established where employer had "imposed on [employee] an adhesive arbitration agreement"; observing "few employees are in a position to refuse a job because of an arbitration requirement").[4]

The Court next turns to the question of whether the arbitration agreement is substantively unconscionable. In that respect, Brown asserts the arbitration agreement contains four overly harsh provisions.

First, Brown argues, the agreement requires him to arbitrate claims brought pursuant to the Private Attorney General Act ("PAGA"), §§ 2698 - 2699.6 of the California Labor Code,[5] which requirement, he asserts, is unconscionable because, under state

---

[4] The agreement provides that the "employment dispute resolution rules of the American Arbitration Association ('AAA') effective at the time of filing will apply." (See Stewart Decl. Ex. B ¶ 4.) To the extent Brown argues it was procedurally unconscionable for Kelly not to have attached a copy, the Court disagrees, as "the arbitration rules were easily accessible to the parties." See Lane v. Francis Capital Management LLC, 224 Cal. App. 4th 676, 691 (2014) (rejecting argument that failure to attach AAA rules to agreement was procedurally unconscionable; noting "the AAA rules are available on the Internet"). Moreover, the agreement requires Kelly to provide Brown with a copy of the rules "upon request." (See Stewart Decl. Ex. B ¶ 4.)

[5] Although Brown's complaint does not include a PAGA claim, Brown states he intends to pursue such a claim in the future.

3

United States District Court
Northern District of California

1  law, an employer may not require an employee to arbitrate such claims. See Iskanian v.
2  CLS Transportation Los Angeles, LLC, 59 Cal. 4th 348, 360 (2014) (holding "arbitration
3  agreement requiring an employee as a condition of employment to give up the right to
4  bring representative PAGA actions in any forum is contrary to public policy"). The
5  agreement here, however, includes no such requirement; even assuming, arguendo, that
6  a PAGA claim is a claim "related to [Brown's] employment" (see Stewart Decl. Ex. B ¶
7  2),[6] and thus within the definition of "Covered Claims," it is excluded by the agreement's
8  provision that "Covered Claims" do not include "[a]ny claim that cannot be required to be
9  arbitrated as a matter of law" (see Stewart Decl. Ex. B ¶ 3).

10  Accordingly, there being no contractual requirement that Brown arbitrate PAGA
11  claims, Brown may not base a defense of unconscionability thereon.

12  Second, Brown argues, the agreement requires claims be submitted to AAA,[7] and
13  that such requirement is unconscionable because, according to Brown, "AAA has an
14  incentive to side with [Kelly]" in order to "obtain repeat business from a satisfied
15  employer." (See Pl.'s Opp. at 8:21-22.) Such argument, in addition to being wholly
16  speculative, challenges employers' use of arbitrators as a general matter, as it would
17  pertain irrespective of whether any particular arbitration firm or arbitrator is selected. A
18  party may not, however, invoke "generally applicable contract defenses," such as
19  unconscionability, to void an arbitration agreement, where application of said defenses
20  would "interfere[ ] with fundamental attributes of arbitration." See Concepcion, 563 U.S.
21  at 344. Indeed, California courts have rejected arguments similar to that raised by Brown

---

[6] A PAGA action is a "type of qui tam action," see Iskanian, 59 Cal. 4th at 382, as a PAGA claim presents "a dispute between an employer and the state Labor and Workforce Development Agency," see id. at 384. Indeed, "[t]he government entity on whose behalf the plaintiff files suit is always the real party in interest." Id. at 382.

[7] Although not clearly expressed, it appears Brown contends that the above-described clause (see n.4) requiring application of AAA's "rules" (see Stewart Decl. Ex. B ¶ 4) in turn requires submission of his claims to AAA. Kelly has not disputed Brown's interpretation of the agreement. Consequently, for purposes of the instant order, the Court assumes the agreement requires claims be submitted to AAA.

4

in the instant case.  See, e.g., Malone v. Superior Court, 226 Cal. App. 4th 1551, 1569-70 (2014) (holding federal law prohibits employee from basing unconscionability challenge to arbitration agreement on theory "arbitrators will tend to rule on the merits in favor of any employer who is a 'repeat player," as opposed to an employee who is not") (emphasis omitted); see also Pinela v. Neiman Marcus Group, Inc., 238 Cal. App. 4th 227, 246 (2015) (holding, where plaintiff argued clause delegating to arbitrator power to decide validity of agreement was unconscionable, plaintiff could not base challenge on theory "arbitrators could be invested in the outcome of a challenge to the enforceability of an arbitration agreements," as "unconscionability arguments framed so broadly that they amount to attacks on inherent features and consequences of arbitral delegation clauses run contrary to [federal law]").  This Court likewise finds Brown's argument unpersuasive.

Accordingly, Brown has not shown the clause requiring submission of disputes to AAA is substantively unconscionable.

Third, Brown challenges a clause providing Michigan law applies to "any disputes related to [the] employment relationship" (see Stewart Decl. Ex. B ¶ 5), which clause, Brown contends, violates a California statute that prohibits an employer from "requir[ing] an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would . . . [d]eprive the employee of the substantive protection of California law with respect to a controversy arising in California." See Cal. Lab. Code § 925(a).[8]  Brown fails, however, to identify any conflict between California and Michigan substantive law, and, consequently, fails to show application of the Michigan choice of law provision would deprive him of a substantive protection afforded under California law.  See, e.g., Pinela, 238 Cal. App. 4th at 257 (finding Texas

---

[8]Kelly argues that because it "has not asserted that Michigan employment law applies to [Brown's] employment in California," the choice of law provision is "irrelevant." (See Def.s' Reply at 5:23, 27-28.)  The Court disagrees, as "[t]he critical juncture for determining whether a contract is unconscionable is the moment when it is entered into by both parties – not whether it is unconscionable in light of subsequent events."  See American Software, Inc. v. Ali, 46 Cal. App. 4th 1386, 1391 (1996).

choice of law clause unconscionable where "[t]here [was] no legal basis in Texas law" for California state law claims pleaded in complaint). Moreover, nothing in the agreement purports to deprive Brown of his statutory right to unilaterally void the Michigan choice of law provision should such a conflict arise. See Cal. Lab. Code § 925(b) (providing contractual clause that would deprive employee of "substantive protection of California law" is "voidable by the employee"; further providing that, if employee elects to void such clause, "California law shall govern the dispute"); (see also Stewart Decl. Ex. B ¶ 16 (providing that if any clause of arbitration agreement is "unenforceable," it "shall be automatically severed")). In short, Brown fails to show any possibility that, at the time he entered into the agreement or at any time thereafter, the Michigan choice of law clause could deprive him of any substantive right available to him under California law.

Accordingly, Brown has not shown the choice of law provision is substantively unconscionable.

Fourth, and lastly, Brown challenges a clause requiring "any claims that each party may have against the other" be brought "within 300 days of the day that such party knew, or should have known, of the facts giving rise to the cause of action," and that the parties "waive any longer, but not shorter, statutory or other limitations periods." (See Stewart Decl. Ex. B ¶ 6.) A contractual clause restricting the period in which an arbitration may be commenced is unconscionable where the period is "far shorter" than that otherwise available under California Law. See Wherry, 192 Cal. App. 4th at 1249 (2011) (holding clause providing "arbitration must be filed within 180 days of the event triggering the action" unconscionable, where 180 days was "far shorter" than one-year statutory period that otherwise would have applied to plaintiff's claim); Martinez v. Master Protection Corp., 118 Cal. App. 4th 107, 117 (2004) (holding six-month limitations period in arbitration agreement unconscionable, where "[t]he statutes on which [the plaintiff's] claims [were] premised provide[d] significantly longer periods of time," specifically, periods ranging from one to four years).

Here, Brown asserts six causes of action in his complaint, comprising four claims

6

alleging violations of specific Labor Code provisions (see Compl. at 4:5-6, ¶¶ 22, 27, 34), which claims are subject to a three-year statute of limitations, see Cal. Civ. Proc. Code § 338(a), as well as one claim alleging a violation of § 17200 of the Business and Professions Code (see Compl. ¶ 37), which claim is subject to a four-year statute of limitations, see Cal. Bus. & Prof. Code § 17208, and a common law claim for wrongful termination in violation of public policy (see Compl. ¶ 14), which claim is subject to a two-year statute of limitations, see Prue v. Brady Co./San Diego, Inc., 242 Cal. App. 4th 1367, 1382 (2015). As the agreement's limitations period of 300 days is significantly shorter than the statutory periods that otherwise would be available, the limitations clause is unconscionable. See Sandoval v. Republic Services, Inc., 2018 Cal. Super. LEXIS 2261, at *11 (July 12, 2018 Superior Court) (holding 300-day limitations period in Kelly's arbitration agreement "substantively unconscionable" where statutory periods were "three or four years").[9]

Although the limitations clause is unconscionable, the Court finds it appropriate to sever it rather than find the agreement as a whole unenforceable. See Concepcion, 563 U.S. at 339 (holding courts "may limit the application of any unconscionable clause"); Cal. Civ. Code § 1670.5 (providing where court finds "contract or any clause of the contract to have been unconscionable at the time it was made[,] the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause"). Although severance of an unconscionable clause is not appropriate where a court "would have to, in effect, reform the contract" in order to preserve the rest of the agreement, see Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83, 125 (2000), no reformation is necessary here, as the limitations period is, by default, the period set forth in the AAA rules, specifically, "the time limit established by the applicable statute of limitations." See AAA Employment Arbitration Rules and Mediation

---

[9]Kelly's unopposed request that the Court take judicial notice of Sandoval (see Def.'s Req. for Judicial Notice Ex. G) is GRANTED.

7

Procedures, Rule 4.b.[10]

Accordingly, the Court finds the arbitration agreement, with the sole substantively unconscionable clause severed therefrom, is enforceable.

## CONCLUSION

For the reasons stated above, Kelly's motion to compel arbitration is hereby GRANTED, and Brown's claims against Kelly are hereby STAYED pending completion of arbitration proceedings.

**IT IS SO ORDERED.**

Dated: February 7, 2019

MAXINE M. CHESNEY
United States District Judge

---

[10] The Court takes judicial notice of the AAA rules, see Chavarria v. Ralphs Grocer Co., 812 F. Supp. 2d 1079, 1087 n.8 (2011), as their content "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," see Fed. R. Evid. 201(b).