Lawrence W. Freiman, Esq. (SBN 288917)
lawrence@freimanlegal.com
**FREIMAN LEGAL**
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
Telephone: (310) 917-1004
Facsimile:  (310) 300-2603

Counsel for Plaintiff SAMUEL BROWN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BROWN,<br><br>              Plaintiff,<br><br>v.<br><br>THE DOW CHEMICAL COMPANY; KELLY SERVICES GLOBAL, LLC; and DOES 1 through 20, inclusive,<br><br>              Defendants. | CASE NO.: 3:18-cv-7098 MMC<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. Wrongful Termination in Violation of Public Policy<br>2. Retaliation in violation of Labor Code s. 1102.5<br>3. Retaliation in violation of Labor Code s. 6310<br>4. Retaliation in violation of Labor Code s. 98.6<br>5. Violation of Labor Code s. 925<br>6. Unfair Competition-Bus. and Prof. Code § 17200<br>7.  Individual and PAGA Representative Claims for violation of Cal Lab. Code ss. 432.5 and 925<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff SAMUEL BROWN for his Complaint against Defendants THE DOW CHEMICAL COMPANY; KELLY SERVICES GLOBAL, LLC and DOES 1 through 20, inclusive, hereby complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff SAMUEL BROWN was at all times relevant to the matters alleged in this complaint an individual with his residence in California.

2. Defendant THE DOW CHEMICAL COMPANY is a Delaware Corporation and at all times relevant to this Complaint was doing business in California.

3. Defendant KELLY SERVICES GLOBAL LLC is a Michigan Limited Liability Company and at all times relevant to this Complaint was doing business in California

4. Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct.  The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained.  For convenience, each reference to the named Defendant herein shall also refer to Does 1 through 20, inclusive.

5. Plaintiff is informed and believes and thereon alleges that in committing certain acts herein as alleged, some or all of the Defendants herein named were acting as the agents, joint ventures, partners, representatives, subsidiaries, affiliates and/or

employees of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope of such relationship.

6. Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of Contra Costa.

7. Pursuant to Section 395 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of Contra Costa, because the Defendant conducted business in Contra Costa County.

## FACTUAL BACKGROUND

8. Defendants were Plaintiff's employers.

9. Defendants subjected Plaintiff to retaliation on the bases of protected complaints about health, safety and wages through hostility, exclusion, increased scrutiny, less pay than other similarly situated individuals, false/pretextual performance reviews/write ups/discipline, failure to follow progressive discipline policy, failure to increase pay, failure to pay proper wages, termination, and failure to reinstate.

10. Defendant KELLY SERVICES GLOBAL, LLC, as a condition of employment, required Plaintiff to sign an agreement that mandated Michigan Law to apply, regardless of conflicts of laws principles despite Plaintiff residing and working primarily in California.

11. Defendants terminated Plaintiff.

12. Defendants failed to pay Plaintiff all wages due upon termination.

### FIRST CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)
### (Against all Defendants)

13. Plaintiff re-alleges and incorporates all paragraphs of this Complaint as though fully set forth herein.

14. Defendants' actions constitute wrongful constructive discharge in violation of the public policies embedded the California Labor Code and *Tameny v. Atlantic Richfield Co.*, (1980) 27 Cal.3d 167.

15. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation and emotional distress.

16. In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### SECOND CAUSE OF ACTION
### (Retaliation in Violation of Cal. Labor Code s. 1102.5)
### (Against all Defendants)

17. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

18. Defendants retaliated against Plaintiff on the basis of his making protected complaints.

19. As a proximate result of this retaliation, Plaintiff has suffered economic damages, emotional distress and general damages according to proof at time of trial.

20. In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### THIRD CAUSE OF ACTION
**(Retaliation in Violation of Labor Code § 6310)**
**(Against all Defendants)**

21. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

22. Defendants retaliated against Plaintiff for his protected complaints in violation of Labor Code § 6310.

23. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

24. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to Plaintiff's damages in an amount according to proof at trial.

25. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**FOURTH CAUSE OF ACTION**
**(Retaliation in Violation of Labor Code § 98.6)**
**(Against all Defendants)**

26. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

27. Defendants' actions constitute retaliation in violation of Labor Code § 98.6.

28. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

29. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to Plaintiff's damages in an amount according to proof at trial.

30. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**FIFTH CAUSE OF ACTION**
**(Violation of Cal. Lab. Code Section 925)**
**(Against Defendant Kelly Services Global, LLC)**

31. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

32. Labor Code Section 925 provides that an employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would: (1) require the employee to adjudicate outside of California a claim arising in California; or (2) deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

33. Defendant required Plaintiff to agree as a condition of employment that the employment would be governed by the laws of the State of Michigan regardless of conflict of laws principles.

34. Defendant violated Labor Code Section 925.

35. Plaintiff seeks all statutory damages and penalties, including his attorney's fees and costs.

### SIXTH CAUSE OF ACTION
**(Bus. and Prof. Code § 17200)**
**(Against all Defendants)**

36. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

37. Defendant's actions constitute a violation of Bus. and Prof. Code § 17200

38. Plaintiff lost property as a result.

39. Plaintiff seeks all available damages and penalties.

**SEVENTH CAUSE OF ACTION**
**(Individual and Representative Claim via California Labor Code Sections 2699, et seq. for Unlawful Labor Practices in Violation of California Labor Code Section 432.5) (Against Defendant Kelly Services Global, LLC only) and California Labor Code Section 925 (Against All Defendants)**

40.     Plaintiff re-alleges and incorporates all paragraphs of this Complaint as though fully set forth herein.

41.     Plaintiff is an aggrieved employee as defined in California Labor Code Section 2699(a).  Plaintiff brings this cause on behalf of himself and other aggrieved employees who are current and former employees affected by the Labor Code violations alleged in this complaint and incorporated into this section as alleged in Plaintiff's October 8, 2018 PAGA Complaint and December 12, 2018 Amended PAGA Complaint.

42.     Defendant Kelly Services Global, LLC has committed a violation of California Labor Code Section 432.5, and all Defendants have committed violations of California Labor Code Section 925 against Plaintiff and, on information and belief, against other aggrieved employees who are current or former employees while they were and are employed by Defendants.

43.     Pursuant to Labor Code Sections 2699 (a), et seq., Plaintiff, on behalf of himself and other similarly aggrieved employees, seeks to recover civil penalties, and other penalties otherwise provided by statute, on behalf of Plaintiff and State of California, including attorney's fees and costs.

SECOND AMENDED COMPLAINT

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For payment of earned wages, withheld earnings, and other damages according to proof in an amount to be ascertained at trial;

2. For payment of all statutory obligations and penalties as required by law;

3. For penalties, special damages, compensatory, and general damages in an amount to be proven at trial;

4. For punitive damages as allowed by law;

5. Loss of income incurred and to be incurred according to proof;

6. For reasonable attorneys' fees;

7. For costs of suit incurred herein;

8. For interest provided by law;

9. All damages and penalties pursuant to the California Labor Code;

10. For restitution and other equitable relief; and

11. For such other and further relief as the court deems just and proper.

Dated: February 16, 2019         By:   FREIMAN LEGAL

                                 /s/ Lawrence W. Freiman, Esq.
                                 Lawrence W. Freiman, Esq.

                                 Counsel for Plaintiff Samuel Brown

## DEMAND FOR JURY TRIAL

Plaintiff Samuel Brown demands a jury trial.

Dated: February 16, 2019         By:   FREIMAN LEGAL

                                 /s/ Lawrence W. Freiman, Esq.
                                 Lawrence W. Freiman, Esq.

                                 Counsel for Plaintiff Samuel Brown