IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>THE DOW CHEMICAL COMPANY, et al.,<br><br>    Defendants. | Case No. 18-cv-07098-MMC<br><br>**ORDER GRANTING DEFENDANT KELLY SERVICES GLOBAL, LLC'S MOTION TO DISMISS SEVENTH CAUSE OF ACTION OR, ALTERNATIVELY, TO STAY; DISMISSING SEVENTH CAUSE OF ACTION WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 44, 46 |

    Before the Court is defendant Kelly Services Global, LLC's ("Kelly") "Motion to Dismiss Plaintiff's Seventh Cause of Action With Prejudice Pursuant to Fed. R. Civ. Proc. 12(b)(6) or, in the Alternative, Stay Proceedings," filed March 4, 2019, in which motion defendant The Dow Chemical Company ("Dow") has joined. Plaintiff Samuel Brown ("Brown") has filed opposition. Kelly has not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for April 19, 2019, and rules as follows.

**BACKGROUND**

    In the operative complaint, the Second Amended Complaint ("SAC"), Brown alleges that both Kelly and Dow were his "employers." (See SAC ¶ 8.) Brown also alleges that Kelly, "as a condition of employment, required [Brown] to sign an agreement that mandated Michigan law to apply, regardless of conflict of law principles[,] despite

[Brown's] residing and working primarily in California." (See SAC ¶ 10.)

Based on said allegations, Brown asserts, as his Seventh Cause of Action, a claim under the Private Attorneys General Act ("PAGA"), which claim is premised on Kelly's having allegedly violated § 432.5 of the California Labor Code and on both defendants' having allegedly violated § 925 of the California Labor Code. (See SAC ¶ 42.)

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

## DISCUSSION

Kelly argues the Seventh Cause of Action is subject to dismissal for the asserted reason it is barred by the applicable statute of limitations.[1]

"The statute of limitations for PAGA claims is one year." See Brown v. Ralphs Grocery Co., 28 Cal. App. 5th 824, 839 (2018). Specifically, a plaintiff must, within one year of the accrual of the claim, file with the California Labor and Workforce Development Agency ("LWDA") a "notice of alleged Labor Code violations." See id. at 829, 839.

Here, as noted, Brown's PAGA claim is based on alleged violations of § 432.5 and § 925 of Labor Code.

Section 432.5 provides that "[n]o employer . . . shall require any employee or applicant for employment to agree, in writing, to any term or condition which is known by such employer . . . to be prohibited by law." See Cal. Lab. Code § 432.5. Section 925 provides that "[a]n employer shall not require an employee who primarily resides and

---

[1] By order filed February 7, 2019, the Court found the other causes of action asserted against Kelly were subject to arbitration, and, consequently, stayed further proceedings as to those causes of action pending completion of arbitration proceedings.

2

works in California, as a condition of employment, to agree to a provision that would . . . [d]eprive the employee of the substantive protection of California law with respect to a controversy arising in California." See Cal. Lab. Code § 925(a).

On October 8, 2018, Brown filed with the LWDA a PAGA notice, in which he set forth the factual basis for his claim that defendants violated § 432.5 and § 925, specifically, that defendants required Brown to "sign an Arbitration Agreement mandating that Michigan law apply to all disputes between the parties." (See Lopez Decl., filed March 4, 2019, Ex. 1 at 1-2.)[2] The referenced "Arbitration Agreement," is a document titled "Dispute Resolution and Mutual Agreement to Binding Arbitration," which Brown and a representative of Kelly each signed on April 4, 2017, and which includes the following provision: "Both Kelly Services and I agree that any disputes related to my employment relationship with Kelly Services shall be governed by the laws of the State of Michigan (the location of Kelly's world headquarters), regardless of conflicts of law principles." (See Stewart Decl., filed December 20, 2018, Ex. B ¶ 5.)[3]

Kelly argues that Brown's claims under § 432.5 and § 935 accrued on the date Kelly is alleged to have required Brown to sign the contract containing the assertedly unlawful provision, which date, as noted, was April 4, 2017. In response, Brown argues such claims accrued at the time Kelly sought to enforce the arbitration agreement, which

//

---

[2] Although, generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), Brown has "incorporated" into the Seventh Cause of Action the PAGA notice he filed on October 8, 2019 (see SAC ¶ 41). Accordingly, the Court has considered said notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) (holding, for purposes of analyzing motion to dismiss, court "may consider materials incorporated into the complaint").

[3] As the Seventh Cause of Action is based on the choice of law provision in the arbitration agreement and Brown has not challenged the authenticity of the copy of the arbitration agreement submitted by Kelly, the Court has considered said agreement. See Coto Settlement, 593 F. 3d at 1038 (holding, for purposes of analyzing motion to dismiss, court may consider document on which complaint "necessarily relies" and where "document's authenticity is not in question").

date was December 20, 2018,[4] or, alternatively, at the time Brown sought "declaratory relief" that the arbitration agreement was invalid (see Pl.'s Opp. at 5:8-11), which date, according to Brown, was October 8, 2018, the date on which he filed his PAGA notice. The Court, as discussed below, finds Kelly's argument persuasive.

Every court to have considered the issue of when a § 432.5 claim accrues has found such claim accrues on the date the employer requires the employee to agree to the contract containing the challenged provision. See Goldthorpe v. Cathay Pacific Airways Ltd., 2018 WL 5307018, at *5 (S.D. Cal. August 18, 2014) (holding § 432.5 claim accrues on date employee signs contract containing allegedly unlawful provision); Howard v. Octagon, Inc., 2013 WL 5122191, at *8 (N.D. Cal. September 13, 2013) (same); Khan v. K2 Pure Solutions, LP, 2013 U.S. Dist. LEXIS 74752, at *2 (N.D. Cal. May 28, 2013) (holding "section 432.5 makes clear that the prohibited behavior is the employer's requirement that an employee agree in writing to a prohibited term or condition"); see also Arkley v. Aon Risk Services Cos., 2012 WL 12886445, at *3 (C.D. Cal. June 13, 2012) (rejecting argument that claim under § 432.5 can be based on employer's filing lawsuit to enforce allegedly unlawful provision; holding "core injury-inducing conduct underlying [§ 432.5] claim can only be [employer's] inclusion of the unlawful covenants in the [plaintiffs'] employment agreements").

The Court finds the reasoning in the above-cited cases persuasive, and additionally finds the reasoning therein applies equally to a claim under § 925, which statute, as does § 432.5, makes it unlawful for an employer to "require" an employee to "agree" to an unlawful contractual provision. Compare Cal. Lab. Code § 925(a) with Cal. Lab. Code § 432.5.

---

[4] Although the SAC does not identify the date, the Court takes judicial notice of Kelly's motion, filed December 20, 2018, to enforce the arbitration agreement. (See Doc. No. 19.) The Court further notes, however, that Kelly, in seeking to enforce said agreement, stated "it does not intend to enforce the choice of law provision" (see Kelly's Mot. to Compel Arbitration, filed December 20, 2018, at 12:22-23), and Brown neither alleges in the SAC nor asserts in his opposition to the instant motion that Kelly subsequently sought to enforce such provision.

Accordingly, the Court finds Brown's PAGA claim accrued on April 4, 2017, a date more than one year before he filed his PAGA notice.

Brown argues that, even if his claim accrued when he signed the arbitration agreement, his claim should be deemed timely under the continuing violation doctrine. Under California law, "the continuing violation doctrine comes into play when an employee raises a claim based on conduct that occurred in part outside the limitations period" and in part "within the limitations period." See Richards v. CH2M Hill, Inc., 26 Cal. 4th 798, 812 (2001). The doctrine "permits a plaintiff to recover for unlawful practices occurring outside the limitations period if the practices continued into that period." See Jumaane v. City of Los Angeles, 241 Cal. App. 4th 1390, 1402 (2015); see also id. at 1401 (observing continuing violation doctrine has been applied to harassment, discrimination, and retaliation claims). Here, however, the allegedly wrongful conduct upon which Brown bases the Seventh Cause of Action did not take place in part outside and in part within the limitations period; rather, the allegedly unlawful conduct occurred on a specific date, April 4, 2017, outside the applicable one-year limitations period. Under such circumstances, the continuing violation doctrine is inapplicable.

Brown further argues that, even if his PAGA claim is untimely, the Court, rather than dismissing the claim, should afford Brown leave to conduct discovery to determine if defendants may have required other employees who primarily reside and work in California to agree, as a condition of their respective terms of employment, to the same choice of law provision that was included in the arbitration agreement he executed. Any such discovery, however, would be futile, as a plaintiff whose PAGA claim is time-barred cannot serve as a representative of other employees. See Liu v. Win Woo Trading, LLC, 2016 WL 3279466, at *6 (N.D. Cal. June 15, 2016) (holding a "plaintiff is unable to pursue a PAGA claim in a representative capacity if his own claim is time-barred"); Slay v. CVS Caremark Corp., 2015 WL 2081642, at 10 (E.D. Cal. 2015) (same); Thomas v. Home Depot USA Inc., 527 F. Supp. 2d 1003, 1008-09 (N.D. Cal. 2007) (same).

Accordingly, the Seventh Cause of Action is subject to dismissal.

5

Lastly, the Court considers whether Brown should be afforded leave to amend to allege facts to support a finding that an exception to the statute of limitations exists, specifically, "equitabl[e] toll[ing]," which Brown asserts he could support by amending to allege he "did not receive a copy of the [a]rbitration [a]greement and ha[ve] an attorney review it until about September 6, 2018 after his counsel requested it." (See Pl.'s Opp. at 7:11-12); see also Udom v. Fonseca, 846 F.2d 1236, 1238 (9th Cir. 1988) (holding, where plaintiff sought to rely on statutory tolling provision, "[i]n order to invoke the benefit of tolling, the plaintiff must allege facts that, if believed, would provide a basis for tolling").

Under California law, the "doctrine of equitable tolling" pertains "when an injured person has several legal remedies and, reasonably and in good faith, pursues one." See Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1136 (9th Cir. 2001). "Specifically, [equitable] tolling is appropriate where the record shows (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Id. at 1137-38 (internal quotation and citation omitted).

Here, the allegations Brown asserts he could add are insufficient to support a finding of equitable tolling, as Brown fails to state that, prior to his having filed a PAGA notice based on asserted violations of § 432.5 and § 925, he had pursued a different remedy, much less that he provided defendants with "timely notice" of any such "first claim." See id. Nonetheless, the Court will afford Brown leave to amend to allege facts, if he can do so, to support a finding that an exception to the statute of limitations exists.

Accordingly, the Seventh Cause of Action will be dismissed, with leave to amend.[5]

//

---

[5] In light of such dismissal, the Court does not reach Kelly's alternative request that the Court stay further proceedings on the Seventh Cause of Action. Should Brown amend the Seventh Cause of Action, Kelly may, as appropriate, renew its request for a stay.

**CONCLUSION**

For the reasons stated above, Kelly's motion to dismiss the Seventh Cause of Action is hereby GRANTED, and the Seventh Cause of Action is hereby DISMISSED.

If Brown wishes to amend the Seventh Cause of Action, he shall file, no later than April 19, 2019, a Third Amended Complaint. If Brown does not file a Third Amended Complaint, the instant action will proceed on the remaining claims in the Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: April 1, 2019

MAXINE M. CHESNEY
United States District Judge